IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURE MAINTENANCE HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MOLD ZERO SERVICES, LLC, and MOLD ZERO, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION WITHOUT PREJUDICE** <br><br> Civil No. 1:25-cv-00111-RJS-JCB <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Pure Maintenance Holdings, LLC's Motion for Default Judgment and Entry of Permanent Injunction (Motion).[1] Having reviewed the Motion and the Clerk of Court's Entry of Default,[2] the court DENIES the Motion without prejudice.

## BACKGROUND

Pure Maintenance brought this action on August 6, 2025, asserting the following claims: (1) trademark infringement and unfair competition under federal law; (2) false advertising under federal law; (3) unfair competition under Utah law; (4) misappropriation of trade secrets and confidential information under Utah law; (5) defamation; (6) unjust enrichment; and (7) a cause of action to enforce a state court judgment under Federal Rule of Civil Procedure 70.[3] The following day, Pure Maintenance filed its Motion for a Temporary Restraining Order.[4] After

---

[1] Dkt. 32, *Motion for Default Judgment and Entry of Permanent Injunction* (*Motion*).

[2] Dkt. 29, *Default Certificate and Entry of Default*.

[3] Dkt. 1, *Verified Complaint* ¶¶ 40–91.

[4] Dkt. 10, *Rule 65(b) Motion for a Temporary Restraining Order, and Supporting Memorandum*.

1

holding a hearing on August 13, 2025,[5] the court granted Pure Maintenance's request for a TRO (TRO Order).[6] The court twice renewed the TRO and converted it to a Preliminary Injunction on September 26, 2025.[7] The Clerk of Court entered default on September 22, 2025.[8] Pure Maintenance now moves for the entry of default judgment against Defendants.[9]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment against a defaulting party.[10] First, the Clerk of Court enters default against a party that "has failed to plead or otherwise defend" against claims for affirmative relief.[11] Second, where the non-defaulting plaintiff seeks default judgment for an amount other than a "sum certain or a sum that can be made certain by computation," as Pure Maintenance seeks here, the plaintiff must then "apply to the court for a default judgment."[12]

The court must follow certain steps before granting default judgment. First, the court has an affirmative duty to "assess . . . subject matter jurisdiction and personal jurisdiction before granting default judgment."[13] Second, the court must consider whether the plaintiff's well-pleaded allegations of fact, deemed admitted by the defendant's default,[14] provide a sufficient

---

[5] Dkt. 14, *Minute Entry*.

[6] Dkt. 18, *Memorandum Decision and Order Granting Plaintiff's Motion for a Temporary Restraining Order* (*TRO Order*).

[7] Dkt. 24, *Temporary Restraining Order*; Dkt. 26, *Temporary Restraining Order*; Dkt. 30, *Preliminary Injunction*.

[8] Dkt. 29, *Default Certificate and Entry of Default*.

[9] *Motion*.

[10] *See* Fed. R. Civ. P. 55.

[11] *Id.* 55(a).

[12] *Id.* 55(b).

[13] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986).

[14] *See* Fed. R. Civ. P. 8(b)(6).

basis for the requested judgment.[15]  While the court will consider whether the allegations set out in the Complaint and the accompanying exhibits provide a basis for default judgment,[16] the court may not accept as admitted allegations related to the damages.[17]  The court must instead evaluate whether a requested award is "supported by actual proof," and it may not enter default judgment until it has ascertained the amount of damages.[18]  The court may consider exhibits, such as affidavits and declarations, when evaluating a motion for default judgment.[19]  Whether to enter default judgment is committed to the court's "sound discretion."[20]

## ANALYSIS

This court has subject matter jurisdiction over this action and personal jurisdiction over Defendants for the reasons explained in the TRO Order.[21]  And having reviewed the Complaint's factual allegations and attached exhibits, the court concludes they provide a sufficient basis for entering judgment in Pure Maintenance's favor on each claim.[22]  However, the court finds it is unable to "determine the amount of damages"[23] to which Pure Maintenance is entitled for two reasons.  First, Pure Maintenance does not indicate in its Motion the amount of damages it

---

[15] *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

[16] Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[17] *Id.* 8(b)(6).

[18] *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886-CW, 2018 WL 2018066, at *6–7 (D. Utah May 1, 2018) (citation omitted).

[19] *See, e.g.*, *Major Bob Music v. S. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *1 (D. Utah June 30, 2010).

[20] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

[21] *See TRO Order* at 5.

[22] *See Verified Complaint*.

[23] Fed. R. Civ. P. 55(b)(2)(B).

requests.[24]  Second, it has not provided any evidence substantiating its entitlement to damages.[25]  Based on these failures, the court cannot ascertain the amount of damages to award and thus cannot yet enter judgment in Pure Maintenance's favor.

Pure Maintenance also seeks a permanent injunction providing (1) relief previously granted in the Preliminary Injunction and (2) additional relief.[26]  When considering whether to grant a permanent injunction, the court analyzes the same injunctive relief factors that apply to temporary restraining orders and preliminary injunctions, except instead of "a substantial likelihood of success," a movant must demonstrate "actual success on the merits."[27]  Here, when seeking relief beyond what the court has already ordered, Pure Maintenance makes no effort to establish it is entitled to that additional relief under the applicable standard.  Accordingly, the court denies without prejudice Pure Maintenance's request for a permanent injunction.

---

[24] *See Motion*.

[25] *See id.*

[26] *Compare* Dkt. 32-1, *[Proposed] Default Judgment and Entry of Permanent Injunction* at 7–8, *with Preliminary Injunction* at 1–2.

[27] *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007); *see also Kitchen v. Herbert*, 755 F.3d 1193, 1208 (10th Cir. 2014) (listing the factors).

## CONCLUSION

For the foregoing reasons, the court DENIES the Motion without prejudice.[28]  Pure Maintenance shall have twenty-one days to file a renewed Motion addressing the appropriate amount of damages and whether it is entitled to permanent injunctive relief beyond the relief provided in the Preliminary Injunction.

SO ORDERED this 25th day of November, 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[28] Dkt. 32.