IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PURE MAINTENANCE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOLD ZERO SERVICES, LLC; and MOLD ZERO, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART RENEWED MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Civil No. 1:25-cv-00111-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Pure Maintenance Holdings, LLC's Renewed Motion for Default Judgment and Entry of Permanent Injunction (Motion).[1] Having reviewed the Motion and the Clerk of Court's Entry of Default,[2] the court GRANTS IN PART and DENIES IN PART the Motion.

## BACKGROUND

Pure Maintenance brought this action on August 6, 2025, asserting the following claims: (1) trademark infringement and unfair competition under federal law; (2) false advertising under federal law; (3) unfair competition under Utah law; (4) misappropriation of trade secrets and confidential information under Utah law; (5) defamation; (6) unjust enrichment; and (7) a cause of action to enforce a state court judgment under Federal Rule of Civil Procedure 70.[3] The

---

[1] Dkt. 34, *Renewed Motion for Default Judgment and Entry of Permanent Injunction* (*Motion*).

[2] Dkt. 29, *Default Certificate and Entry of Default*.

[3] Dkt. 1, *Verified Complaint* ¶¶ 40–91.

following day, Pure Maintenance filed its Motion for a Temporary Restraining Order.[4]  After

holding a hearing on August 13, 2025,[5] the court granted Pure Maintenance's request for a TRO

(TRO Order).[6]  The court twice renewed the TRO and converted it to a Preliminary Injunction

on September 26, 2025.[7]  The Clerk of Court entered default on September 22, 2025.[8]  Pure

Maintenance subsequently filed a Motion for Default Judgment and Entry of Permanent

Injunction,[9] which the court denied without prejudice because Pure Maintenance failed to

demonstrate its entitlement to damages or injunctive relief beyond what the court ordered in the

Preliminary Injunction.[10]  Pure Maintenance now renews its Motion.[11]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default

judgment against a defaulting party.[12]  First, the Clerk of Court enters default against a party that

"has failed to plead or otherwise defend" against claims for affirmative relief.[13]  Second, where

the non-defaulting plaintiff seeks default judgment for an amount other than a "sum certain or a

sum that can be made certain by computation," as Pure Maintenance seeks here, the plaintiff

must then "apply to the court for a default judgment."[14]

---

[4] Dkt. 10, *Rule 65(b) Motion for a Temporary Restraining Order, and Supporting Memorandum*.

[5] Dkt. 14, *Minute Entry*.

[6] Dkt. 18, *Memorandum Decision and Order Granting Plaintiff's Motion for a Temporary Restraining Order* (*TRO Order*).

[7] Dkt. 24, *Temporary Restraining Order*; Dkt. 26, *Temporary Restraining Order*; Dkt. 30, *Preliminary Injunction*.

[8] Dkt. 29, *Default Certificate and Entry of Default*.

[9] Dkt. 32, *Motion for Default Judgment and Entry of Permanent Injunction*.

[10] Dkt. 34, *Memorandum Decision and Order Denying Motion for Default Judgment and Permanent Injunction Without Prejudice*.

[11] *Motion*.

[12] *See* Fed. R. Civ. P. 55.

[13] *Id.* 55(a).

[14] *Id.* 55(b).

The court must follow certain steps before granting default judgment.  First, the court has an affirmative duty to "assess [its] subject matter jurisdiction and personal jurisdiction before granting default judgment."[15]  Second, the court must consider whether the plaintiff's well-pleaded allegations of fact, deemed admitted by the defendant's default,[16] provide a sufficient basis for the requested judgment.[17]  While the court will consider whether the allegations set out in the pleading and the accompanying exhibits provide a basis for default judgment,[18] the court may not accept as admitted allegations related to the damages.[19]  The court must instead evaluate whether a requested award is "supported by actual proof," and it may not enter default judgment until it has ascertained the amount of damages.[20]  The court may consider exhibits, such as affidavits and declarations, when evaluating a motion for default judgment.[21]  Whether to enter default judgment is committed to the court's "sound discretion."[22]

## ANALYSIS

This court has subject matter jurisdiction over this action and personal jurisdiction over Defendants for the reasons explained in the TRO Order.[23]  And having reviewed the Complaint's

---

[15] *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1331 (D. Utah 2006) (citation omitted); *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties." (citation omitted)).

[16] *See* Fed. R. Civ. P. 8(b)(6).

[17] *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

[18] Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[19] *Id.* 8(b)(6).

[20] *Stampin' Up!, Inc. v. Hurst*, No. 2:16-cv-00886, 2018 WL 2018066, at *6–7 (D. Utah May 1, 2018) (citation omitted).

[21] *See, e.g.*, *Major Bob Music v. S. Shore Sports Bar & Grill, Inc.*, No. 2:08-cv-689, 2010 WL 2653330, at *1 (D. Utah June 30, 2010).

[22] *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

[23] *See TRO Order* at 5.

factual allegations and attached exhibits, the court concludes they provide a sufficient basis for

entering judgment in Pure Maintenance's favor on each claim except for its seventh claim.[24]

Pure Maintenance requests compensatory and nominal damages.[25]  Regarding

compensatory damages, "[w]here a single injury gives rise to more than one claim for relief, a

plaintiff may recover his damages under any claim, but he may recover them only once."[26]

Nominal damages are "the damages awarded by default until the plaintiff establishes entitlement

to some other form of damages, such as compensatory or statutory damages."[27]

Here, Pure Maintenance seeks $69,900.00 in compensatory damages "for lost business

opportunities" and "license fees" on three of its claims, totaling $209,700.00.[28]  According to its

counsel, "a single license costs $69,900," which is a "conservative estimate[] of actual losses and

unjust enrichment caused by Defendants' conduct."[29]  The court concludes Pure Maintenance

may recover the lost license fee of $69,900.00 "only once."[30]  The court thus awards that amount

to Pure Maintenance on its first claim for federal trademark infringement and unfair competition.

---

[24] Pure Maintenance's seventh cause of action asks the court to enter an order enforcing a state court judgment.  *See Verified Complaint* ¶¶ 88–91; *Motion* at 5–6.  "The burden of establishing a federal court's subject matter jurisdiction rests upon the party asserting jurisdiction."  *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation modified).  The court found in its prior Order that there was "a sufficient basis for entering judgment in Pure Maintenance's favor on each claim."  *Memorandum Decision and Order Denying Motion for Default Judgment and Permanent Injunction Without Prejudice* at 3.  Upon further review, the court concludes Pure Maintenance has failed to meet its burden to demonstrate the court has jurisdiction to enter default judgment on this claim or award corresponding relief.  *Cf. Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1274–75 (10th Cir. 2019) (holding a state court judgment may not be registered in federal court and the Full Faith and Credit statute is "not an independent basis of jurisdiction").

[25] *See Motion* at 4–6.

[26] *Jensen v. W. Jordan City*, 968 F.3d 1187, 1197 (10th Cir. 2020) (citations omitted).

[27] *Uzuegbunam v. Preczewski*, 592 U.S. 279, 290 (2021).

[28] *See Motion* at 4–6.

[29] Dkt. 34-2, *Declaration of Counsel Trevor Bradford in Support of Renewed Motion for Default Judgment and Entry of Permanent Injunction* ¶¶ 15–17.

[30] *Jensen*, 968 F.3d at 1197.

Pure Maintenance also seeks $700.00 in nominal damages—$100.00 on each claim.[31] Because the court may not award nominal damages in addition to compensatory damages on the same claim,[32] nor nominal damages for a claim on which a plaintiff has not prevailed, the court will award nominal damages of $100.00 on each of Pure Maintenance's second, third, fourth, fifth, and sixth claims, for a total of $500.00 in nominal damages. Accordingly, in total, the court awards Pure Maintenance $70,400.00 in damages. The court further awards Pure Maintenance pre-judgment interest as of August 9, 2025, pursuant to 15 U.S.C. § 1117(b)(2), and post-judgment interest pursuant to 28 U.S.C. § 1961.

Pure Maintenance also seeks to convert the Preliminary Injunction to a Permanent Injunction.[33] For the reasons explained in the TRO Order,[34] and because Pure Maintenance has demonstrated actual success on the merits of its claims where Defendants are in default,[35] the court grants the request to convert the Preliminary Injunction to a Permanent Injunction.

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART the Motion[36] as follows:

(1) The court ENTERS default judgment against Defendants on Pure Maintenance's first, second, third, fourth, fifth, and sixth claims and determines there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b);

---

[31] *See Motion* at 4–6. The court notes Pure Maintenance states it is only seeking $600.00 in nominal damages, *see id.* at 4, but in its itemized list, requests nominal damages on all seven claims, *see id.* at 5. It also requests a total of $210,400.00 in compensatory and nominal damages, which implies it seeks $700.00 in nominal damages. *See id.*

[32] *See Uzuegbunam*, 592 U.S. at 290.

[33] *See Motion* at 6–8.

[34] *See TRO Order*.

[35] *See Motion* at 6–7. When considering whether to grant a permanent injunction, the court analyzes the same injunctive relief factors that apply to temporary restraining orders and preliminary injunctions, except instead of "a substantial likelihood of success," a movant must demonstrate "actual success on the merits." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007); *see also Kitchen v. Herbert*, 755 F.3d 1193, 1208 (10th Cir. 2014) (listing the factors).

[36] Dkt. 34.

(2) The court DENIES Pure Maintenance's request for default judgment on its seventh claim;

(3) The court AWARDS $70,400.00 in damages to Pure Maintenance; and

(4) The court GRANTS Pure Maintenance's request for a permanent injunction.

The Clerk of Court is directed to close the case.

SO ORDERED this 29th day of December, 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge